9176/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Pacific Leader Shipping Limited | |
|---|---|
| Plaintiff, | |
| - against - | **VERIFIED COMPLAINT** |
| Daebo Shipping Co. Ltd. | |
| Defendant. | |

Plaintiff, by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its Verified Complaint against the Defendant, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code section 1333.

2. At all material times Plaintiff was and still is a foreign company with its office and place of business in Limassol, Cyprus.

3. At all material times Defendant was and still is a foreign company with its office and place of business in Seoul, Korea.

4. Plaintiff (as owner) and Defendant (as charterer) entered into a time charter party contract dated February 22, 2007 for the vessel M/V NICOLE.

5. Under the charter party, Plaintiff was obligated to pay Defendant for charter hire and for other items, as particularly described in the attached final hire statement, concerning the voyages covered by the charter party.

6. As shown in the attached final hire statement, $328,538.96 remains due and owing by Defendant to Plaintiff despite demands for payment made by Plaintiff.

7. Pursuant to the charter party all disputes arising under the charter party are governed by English law and are subject to arbitration in London.

8. Plaintiff has commenced arbitration against Defendant in London pursuant to the charter party to recover the said $328,538.96 plus interest, fees, and costs as follows:

| | | |
|---|---|---|
| A. | Principal amount: | $328,538.96 |
| B. | Interest from June 9, 2008 to date on the principal amount at the rate of 7.0% per annum compounded quarterly (a typical award of interest in London arbitration). | $2,255.67 |
| C. | Estimated legal fees and costs of arbitration. | $170,000.00 |
| D. | Estimated allowance of additional interest that might accrue between now and the date this Court enters judgment confirming the arbitration award | $75,000.00 |
| | Total: | $575,794.63 |

9. This action seeks security in aid of the said London arbitration pursuant to 9 U.S.C §§ 1 and 8 and enforcement of the London arbitration award under 9 U.S.C. § 201-208.

10. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

11. Upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court including, but not limited to, assets held in the hands of garnishees American Express Bank, Bank of America, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Credit Suisse First Boston, Deutsche Bank Trust Company America, HSBC (USA) Bank, J.P. Morgan Chase, KEB (Korea Exchange

Bank) USA International Corp., Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank which are believed to be due and owing to the Defendant.

12.     Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules attaching, *inter alia,* any assets of Defendant held by any garnishee in the district for the purpose of obtaining personal jurisdiction over the Defendant and to secure its claim.

13.     There is no statutory or maritime law bar to the attachments sought herein.

14.     In an effort to obtain security for the claims described herein, Plaintiff caused the arrest of the vessel DAEBO FRONTIER at Singapore in June 2008 on the basis that the DAEBO FRONTIER was owned by Defendant. An entity with a name similar to Defendant, Daebo International Shipping Co. Ltd., challenged the arrest on the basis that it, not Defendant, was the owner of the vessel. The dispute over ownership of the DAEBO FRONTIER is before the court in Singapore but has not been decided. On June 19, 2008 the court in Singapore ordered that Daebo International Shipping Co. Ltd pay US$575,000 into the registry of that court as "being security for the Plaintiff's claim inclusive of interest and costs in these proceedings and on appeal therefore until final disposal of the plaintiff's claim herein as well as the final award of an arbitral panel in London or New York or Singapore". There is an issue in the Singapore case as to whether the funds paid into that court's registry secure Plaintiff's claim against the instant Defendant (Daebo Shipping Co. Ltd.). Daebo International has taken an appeal of the said order on grounds that include that the court did not have authority to order Daebo International to post security for Plaintiff's claim against Daebo Shipping Co. Ltd. That appeal is pending.

15.     There have been discussions between London representatives for the Plaintiff and London representatives for the Defendant, Daebo Shipping Co. Ltd., regarding the issue of security for Plaintiff's claim, given the uncertainty regarding the Singapore proceeding as described above. Plaintiff's London representatives have essentially proposed that Defendant post security in the form of a Letter of Guarantee or an escrow arrangement to replace the said funds paid into the Singapore court. In response, Defendant's London representatives have said essentially that Defendant promises to provide security but that the promise is conditioned on rulings by the Singapore court that effectively establish that the funds paid into the court do not serve as security for Plaintiff's claim against Daebo Shipping Co. Ltd.  This promise of contingent future security is not security itself and, moreover, the form of the promised contingent security has not been specified.

WHEREFORE, Plaintiff prays:

(a) That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged;

(b) That since the Defendant cannot be found within the District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, Bank of America, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Credit Suisse First Boston, Deutsche Bank Trust Company America, HSBC (USA) Bank, J.P. Morgan Chase, KEB (Korea Exchange Bank) USA International Corp., Standard Chartered

Bank, Union Bank of Switzerland and/or Wachovia Bank which are believed to be due and owing to the Defendant, up to the amount of US$575,794.63 to secure the Plaintiff's claim, and that all persons claming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

(c) That if the London arbitration panel issues an award in favor of Plaintiff, that this Court enter judgment on the London arbitration award pursuant to 9 U.S.C. § 201 - 208; and

(d) That the Plaintiff is granted such other further and different relief as this Court may deem just and proper.

Dated: New York, New York
July 16, 2008

Respectfully submitted,
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Plaintiff

By: _____
Randolph H. Donatelli (RD-5359)
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

5

## ATTORNEY VERIFICATION

1. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

2. I am attorney for the Plaintiff in this action and I am fully authorized to make this Verification on its behalf.

3. I have read the foregoing Verified Complaint, and the contents thereof are true and accurate to the best of my knowledge upon information and belief.

4. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation, none of whose officers are present in the District.

5. The source of my knowledge is information and records furnished to me by the plaintiff, all of which information and records I believe to be true and accurate.

I declare under penalty of perjury that the foregoing is true and correct

Dated: New York, New York
July 16, 2008

Randolph H. Donatelli

## Provisional FINAL HIRE STEMENT
### 2008/06/09

| | | | | | | |
|---|---|---|---|---|---|---|
| VESSEL | NICOLE | | Acc DAEBO | | C/P dated | **15-Mar-07** |
| Delivery | Imari | | Redelivery | Immingham | | |
| Delivery | 2007/03/28 05:35 | GMT | BOD | 1335.500 | | 65.000 |
| To | 2008/05/07 05:01 | GMT | BOR | 1335.500 | | 65.000 |
| **Days** | 405.976389 | Days | Price | USD 400.85 | | USD 586.64 |
| from | 5/7/08 5:01 | gmt | | | | |
| to | 6/8/08 10:59 | gmt | | | | |
| **Days** | 32.248611 | | | | | |
| from | 6/8/08 10:59 | | | | | |
| Redelivery | 6/9/08 10:30 | | | | | |
| **Days** | 0.979861 | | | | | |

| No. | Particular | | | | | Debit | Credit |
|---|---|---|---|---|---|---|---|
| 1 | Hire | US$33,000.00 | X | 405.976389 | Days | | US$13,397,220.83 |
| 2 | Hire | US$65,000.00 | x | 32.248611 | Days | | US$2,096,159.72 |
| 3 | Hire | US$125,000.00 | X | 0.979861 | Days | | US$122,482.64 |
| 4 | Add com | US$15,615,863.19 | X | 3.75% | | US$585,594.87 | |
| 5 | Broker | US$15,615,863.19 | x | 1.25% | | US$195,198.29 | |
| 6 | BOD | US$400.85 | X | 1335.500 | Mts | | US$535,335.18 |
| | | US$586.64 | X | 65.000 | Mts | | US$38,131.60 |
| 7 | BOR | US$400.85 | X | 988.07 | Mts | US$396,067.86 | US$0.00 |
| | | US$586.64 | X | 61.01 | Mts | US$35,790.91 | US$0.00 |
| 10 | Cost of IFO not replenished by Charterers | | | | | | |
| | Market price USD 579 | | less | C/P price | | | |
| | | US$178.15 | | 347.430 | Mts | | US$61,894.65 |
| 11 | C/E/V | US$1,200.00 | X | 14.640162 | Mons | | US$17,527.36 |
| 12 | ILOHC | US$3,500.00 | X | | 11 | | US$38,500.00 |
| 13 | Holds washing by Fresh Water | | | | | | |
| | | US$700.00 | X | | 2 | | US$1,400.00 |
| 14 | ILOHC on Redelivery | | | | | | US$5,000.00 |
| 15 | Damage at Mississipi river | | | | | | US$12,153.00 |
| 16 | On Hire Survey charts/subcharts paid by owns | | | | | | US$684.82 |
| 17 | Off Hire deviation at spore | | | | | | |
| | 1.020833 | US$33,687.49 | | US$32,003.11 | | US$32,003.11 | |
| | IFO | US$400.85 | | 5.90 | Mts | US$2,365.02 | |

| 18 | Payments | | |
|---|---|---|---|
| | | 1st | US$1,044,298.78 |
| | | 2nd | US$470,832.00 |
| | | 3rd | US$471,174.41 |
| | | 4th | US$470,832.00 |
| | | 5th | US$474,332.00 |
| | | 6th | US$471,174.41 |
| | | 7th | US$474,332.00 |
| | | 8th | US$426,613.65 |
| | | 9th | US$484,141.38 |
| | | 10th | US$470,832.00 |
| | | 11th | US$470,832.00 |
| | | 12th | US$470,832.00 |
| | | 13th | US$477,832.00 |
| | | 14th | US$474,332.00 |
| | | 15th | US$470,832.00 |
| | | 16th | US$470,832.00 |
| | | 17th | US$470,832.00 |
| | | 18th | US$470,832.00 |
| | | 19th | US$474,332.00 |
| | | 20th | US$470,832.00 |
| | | 21st | US$470,832.00 |
| | | 22nd | US$474,332.00 |
| | | 23rd | US$470,832.00 |
| | | 24th | US$470,832.00 |
| | | 25th | US$470,832.00 |
| | | 26th | US$470,832.00 |
| | | 27th | US$184,098.61 |
| | | 28th | US$564,493.55 |
| | | 29th | US$215,315.00 |
| | | 30th | US$280,951.33 |
| | | 31st | US$476,452.52 |
| | | 32nd | US$220,245.16 |
| | Sub-Total | | US$15,997,950.85 | US$16,326,489.81 |
| | **Due to Owners** | | **US$328,538.96** | |
| | Grand-Total | | US$16,326,489.81 | US$16,326,489.81 |

Note:    E&OE