```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07 18 08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pacific Leader Shipping Limited<br><br>                              Plaintiff,<br><br>           - against -<br><br>Daebo Shipping Co. Ltd.<br>                              Defendant. | 08 Civ. 6380 (DC)<br><br>**EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT AND <u>GARNISHMENT</u>** |

**WHEREAS,** on July 16, 2008 plaintiff filed a Verified Complaint herein for damages amounting $575,794.63 and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS,** the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the property of the Defendant within the District of this Court; and

**WHEREAS,** the Court has reviewed the Verified Complaint and the supporting declaration, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for Defendant by any garnishees within this District, including, but not limited to, American Express Bank, Bank of America, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Credit Suisse First Boston, Deutsche Bank Trust Company America, HSBC (USA) Bank, J.P. Morgan Chase, KEB (Korea Exchange Bank) USA International Corp., Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank in an amount up to and including $575,794.63 pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED,** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED,** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile or email transmission to any garnishee that advises Plaintiff that it consents to such service; and it is further

**ORDERED,** that service on any garnishee as described above is deemed effective continuous service throughout that day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED,** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

SO ORDERED, this 18th day of July 2008

_____
U.S.D.J.

LAURA TAYLOR SWAIN

Part I